IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**GAZELLE, et al,**

**Plaintiffs,**

**v.**

**MR 314 FORTALEZA LLC,**

**Defendant.**

**CIVIL NO. 16-2500 (GAG)**

## OPINION AND ORDER

This current case involves a contract governing the sale of a corporation. Harry and Donna Gazelle ("Plaintiffs" or "Gazelle") sued MR 314 Fortaleza LLC ("Defendant" or "MR") for breach of contract and mental anguish following disagreement over terms of the contract to purchase Plaintiffs' corporation, Calle Cristo 201, Inc. (Docket No. 1). Defendant moved for summary judgment. (Docket No. 28). Plaintiffs opposed and moved for cross summary judgment. (Docket No. 40). The Court denied both motions. Gazelle v. MR 314 Fortaleza LLC, No. CV 16-2500 (GAG), 2018 WL 1322155, (D.P.R. Mar. 12, 2018). Pending before the Court is Defendant's Motion to Alter Judgment. (Docket No. 62). For the reasons stated below Defendant's Motion to Alter Judgment is **DENIED**.

**I.   Standard of Review**

A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). "Rule 59(e) relief is granted sparingly, and only when the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925 (1st Cir. 2014) (citing Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007) (citations omitted). A motion for

**Civil No. 16-2500 (GAG)**

reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir.2006), nor is it a mechanism to regurgitate "old arguments previously considered and rejected," Nat'l Metal Finishing Co., Inc. v. Barclays American/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990). For these reasons, motions for reconsideration are "extraordinary remedies which should be used sparingly," Id., and are "typically denied." Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE 8 § 2810.1, at 128 (2d ed. 1995).

## II. Legal Analysis

Defendant claims in this Motion to Alter Judgment that its "clear, specific and uncontroverted facts" entitled it to the relief sought in its Motion for Summary Judgment. (Docket No. 62 at 1). The Court will not consider a rehashing of Defendant's previous arguments. Case law makes it clear that motions for reconsideration are not mechanisms to regurgitate "old arguments previously considered and rejected." National Metal Finishing Co., Inc. 899 F.2d at 123 (1st Cir. 1990). Defendant never states under which ground of a Rule 59(e) motion it seeks reconsideration. Nonetheless, the bulk of its motion is based on the claim that this Court *motu propio* brought up the issue of "dolo" as a defense in the excecution of the contract. (Docket No. 62 at 2). Thus, Defendant moves the Court to grant its Motion to Alter Judgment based on a manifest error of law, as it claims Plaintiffs did not meet the heightened pleading standard for allegations of dolo.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED.R.CIV.P. 9(B). Rule 9(b)'s heightened pleading standard applies to state law fraud claims asserted in federal court. See Universal Commc'n Sys., Inc. v. Lycos, Inc.,

**Civil No. 16-2500 (GAG)**

478 F.3d 413, 427 (1st Cir. 2007). [1] Nonetheless, "one cannot focus exclusively on the fact that Rule 9(b) requires particularity in pleading the circumstances of fraud without taking account of the general simplicity and flexibility contemplated by the federal rules." 5A C. Wright & A. Miller, Federal Practice and Procedure § 1298 (4th ed. 2018). "Perhaps the most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of Rule 9(b) is the determination of how much detail is necessary to give adequate notice to an adverse party and to enable that party to prepare a responsive pleading." Id.[2] Thus, the Rule's essential motive is that a party be able to adequately prepare a responsive pleading. "[I]f circumstances are alleged showing that the pleader is entitled to relief from a fraud perpetrated upon him or her, the plaintiff's right to relief is unaffected by a failure to include the term 'fraud' or 'fraudulent' in the complaint." Id.

Rule 9(b) has additionally recognized that "specificity in pleading a condition of the human mind would be unworkable and undesirable." Federal Practice and Procedure 5A § 1301 (4th ed. 2018). In essence, a rigid rule would be undesirable because "absent overriding considerations

---

[1] "Of primary importance in understanding the requirement of Federal Rule 9(b) when pleading the circumstances of an alleged fraud with particularity is the recognition that it does not render the general principles of simplicity set forth in Rule 8 entirely inapplicable to pleadings alleging fraud. Rather, as a significant number of federal courts from throughout the country have held over the years, and as the numerous illustrative citations in the note below indicate, the two rules must be read in conjunction with each other. Therefore, the Supreme Court's recent discussions in Bell Atlantic Corporation v. Twombly and Ashcroft v. Iqbal of the pleading requirements under Rule 8 also apply. It should be kept in mind that Rule 8(a) only requires the pleader to provide 'a short and plain statement of the claim' for relief; Rule 8(b) requires the same in connection with defenses; Rule 8(d) calls for 'simple, concise, and direct' allegations in a pleading and goes on to state that '[n]o technical form is required' and that the allegations of a pleading may be internally inconsistent; and Rule 8(e) provides that '[p]leadings must be construed so as to do justice.'" 5A Federal Practice and Procedure § 1301 (4th ed. 2018).

[2] "The relationship of the parties to the action also is relevant to the determination of what constitutes a sufficient allegation under the rule, given the bearing that the parties relationship has on a courts determination of issues such as whether there was justifiable or induced reliance on a fraudulent representation or on whether a party owed any particular duty of disclosure." Id.

3

pressing for a specificity requirement, as in the case of averments of fraud or mistake, the general "short and plain statement of the claim" mandate in Rule 8(a) and the liberal spirit the federal courts have accorded to applying it should control the second sentence of Rule 9(b). Id.

The First Circuit in Puerto Rico Telephone Company v. SprintCom, Inc. 662 F.3d 74, 99 (1st Cir. 2011) explained contractual dolo in depth and the pleading standards for the same.

> The Puerto Rico Supreme Court has recognized that contractual dolo is a broad term that "includes deceit, fraud, misrepresentation, undue influence" and other insidious machinations. For example, although there may be dolo without fraud, fraud always entails dolo. In addition, Puerto Rico law distinguishes between contractual dolo occurring at the contracting stage (*i.e.,* during the formation of the contract) and contractual dolo occurring in the course of the performance of the contract. Contractual dolo that occurs during the formation of the contract, if deemed serious, may give rise to the nullification of the contract. On the other hand, "contractual [dolo] that arises not at the contracting stage, but in the course of the performance of the contract," such as the one here alleged by Sprint, does not give rise to the nullification of the contract. Rather, in such cases, Article 1060 of the Civil Code establishes that the party who engages in dolo is liable for all damages "which clearly may originate from the nonfulfillment of the obligation." This imposition of damages (for a dolo-type performance of a contract) is broader than that resulting from a good faith breach of contract, where, in contrast, damages are limited to "those foreseen or which may have been foreseen, at the time of constituting the obligation, and which may be a necessary consequence of its nonfulfillment." Notably, the Puerto Rico Supreme Court has stated that dolo "in the performance of obligations *is equalized to bad faith.*"

Puerto Rico Telephone Company v. SprintCom, Inc. 662 F.3d 74, 99 (1st Cir. 2011) (internal citations omitted).

In said case, the Court agreed that allegations of bad faith may be construed as allegations of dolo, but found that the argument was undeveloped and thus waived. Id. at 100. Defendant claims that the Court incorrectly based the opinion on this "single legal source," and that Puerto Rico Telephone Company ruled counter to what the Court held in the Opinion and Order. Gazelle, No. CV 16-2500 (GAG), 2018 WL 1322155, (D.P.R. Mar. 12, 2018). Defendant further avers that Plaintiffs waived the argument that bad faith dealings constituted dolo. Id.

**Civil No. 16-2500 (GAG)**

Defendant contends that by purchasing all shares of Calle Cristo through the Stock Purchase Agreement ("SPA"), it acquired all of its assets, including the $219,454.68 listed in Plaintiffs' financial statements. (Docket No. 28 at 6-7). As Plaintiffs structured the transaction as a sale of a corporation's stock, rather than the sale of real property, and the SPA constituted the "entire agreement," Defendant argues that it are entitled to the cash at issue. Id. Plaintiffs disagree, and allege that Defendant knew that the contract concerned solely the real property at 201-203 Cristo Street, and only later "concocted" a plan to wrest more than $200,000 in additional cash from Plaintiffs. (Docket No. 40 at 9).

Plaintiffs' allegation is based on the fact that the only asset of Cristo 201 they were selling was the physical property, and that Defendant was aware of this when they entered contract negotiations. (Docket No. 1). Plaintiffs have raised bad faith claims constantly throughout the course of the instant action. (Docket No. 1, 40, 53). The Court, in its Opinion and Order, referenced multiple times Plaintiffs claim bad faith actions by Defendant.[3] (Docket No. 58 at 11). It would have been improper for the Court to grant summary judgment in this action when there is a genuine issue of material fact as to the intent of the parties relating to the purchase agrrement executed through the SPA. Both parties have consistently argued throughout the case the issue of what the SPA really represented. Defendant was clearly notified by the pleadings that "by purchasing all of the shares of Cristo 201, MR knew it was only purchasing the building" and that it "knows full

---

[3]   "They cite to an email dated September 23, 2015—one day before the closing—from Defendant's title insurance attorney, Zilmarie Delgado Pieras, in which she refers to the property in Old San Juan as Calle Cristo's "only asset." (Docket No. 33 at 4). Plaintiffs also submit that Defendant's delay of 321 days after the closing before claiming it was entitled to the cash, indicates that Defendant had no initial intent to take the money and only realized they might be able to get the money well after the fact. (Docket No. 40 at 7). In addition, Plaintiffs aver that Defendant's decision to insure the real property for exactly $1.8 million—the precise purchase price of Calle Cristo—shows that Defendant had the purpose and intent to purchase the real property and nothing more. Id. (Docket No. 58 at 11).

5

**Civil No. 16-2500 (GAG)**

well that it is not entitled to that $219,454.68, and that its refusal to release such balance of the escrow deposit to the [Plaintiffs] is a breach of its contractual obligations, as well as and unjust act . . ." (Docket No. 1 at 7). Thus, considering the above jurisprudence and pertinent rules, this Court did not commit a manifest error of law in considering Plaintiff's bad faith claims as allegations of dolo.

Defendant further argues, that even if the Court were to deem sufficient the bad faith claims to allege dolo, the requisite elements are not met. (Docket No. 62 at 4-5). The Court, in its Opinion and Order, did not make a legal finding as to the parties actions. Gazelle, No. CV 16-2500 (GAG), 2018 WL 1322155, (D.P.R. Mar. 12, 2018). Instead, the Court found that Plaintiffs had sufficiently shown there was a genuine issue of material fact as to whether there was dolo on behalf of Defendant, and thus, summary judgment was not proper. Id. at 11. The Court also found that there was a possibility that there was dolo on behalf of Plaintiffs, and for said reason, denied their cross-motion for summary judgment. Id. at 12. Had the Court made a legal finding of dolo by either party, the Court's ruling may have been different. However, in the present case, there are unsettled issues of motive and intent as to the conduct of the parties, which precludes the court from granting summary judgment. Mulero–Rodriguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent ... are questions better suited for the jury") (internal quotation marks omitted) (citation omitted); see also Tew v. Chase Manhattan Bank, N.A., 728 F.Supp. 1551, 1555 (S.D.Fla. 1990) ("*Certain issues such as fraud, intent, and knowledge lend themselves to trial, rather than summary judgment*. These matters can often only be proved by reliance upon circumstantial evidence except in the rare case where there is uncontroverted proof of a 'smoking gun.'"); Pearson v. First N H Mortgage Corp., 200 F.3d 30, 35, n. 2 (1st Cir. 1999) (emphasis added).

**Civil No. 16-2500 (GAG)**

"Summary judgment based upon the construction of contract language is appropriate only if the meaning of the language is clear, considering all the surrounding circumstances and undisputed evidence of intent, and there is no genuine issue as to the inferences which might reasonably be drawn from the language." Rodríguez-Abreu v. Chase Manhattan Bank, N.A., 986 F.2d 580, 586 (1st Cir. 1993) (citing Healy v. Rich Products Corp., 981 F.2d 68, 72 (2d Cir. 1992)). The determination of the intentions of the contracting parties "requires an examination of all circumstances surrounding the contract's execution." Autogermana, Inc. v. BMW of North America, Inc. 38 F. Supp. 3d 230, 235 (D.P.R. 2014) (citation omitted). If the disagreement between the parties centers on their intent, summary judgment, although not precluded, is disfavored. Id. "Summary judgment is appropriate when evidence of the parties' intentions is so one-sided that no reasonable person could decide the contrary." Id. (citation and internal quotation omitted).

There is a clear issue as to the intent of the parties regarding what the contract represented. The reality is, dolo may have been commited by either party in relation to the contract in dispute. Since there is a genuine issue of material fact, motion for summary judgment could not reasonably be granted. Defendant's contention as to the elements of dolo is neither valid nor relevant.

### III.  Conclusion

For the reasons stated above, the Court **DENIES** Defendant's Motion to Alter Judgment. (Doccket No. 62). Dolo in the performance of the contract may be raised at trial by either party, and the pleadings need not be amended at this time since the dolo will be based on the same allegations of evidence propounded during discovery.

**Civil No. 16-2500 (GAG)**

The parties should file a joint, proposed pretrial order on or before April 5, 2019. This deadline is final. The case is referred to Magistrate Judge Bruce J. McGiverin for a pretrial/settlement conference in April. If not settled, the case will be set for trial immediately.

**SO ORDERED.**

In San Juan, Puerto Rico this 14th day of March, 2019.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge